IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:05cr121/RV
                                                       3:07cv69/RV/MD

ANTHONY BEASLEY

---

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 23).  The government has filed a response (doc. 32) and the defendant has filed a reply  (doc. 36).  The court afforded the defendant the opportunity to file a supplemental sworn statement providing details about one of his claims, and advised him that failure to submit the affidavit would result in a ruling on the record currently before the court. (Doc. 34).  He failed to respond to this order.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant was charged on November 16, 2005 in a single count indictment with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  (Doc. 1).  The government filed a notice of enhancement indicating that defendant was subject to the enhanced

penalty provisions of 21 U.S.C. § 841(b)(1)(C) because of a prior conviction.  (Doc. 15).
The notice actually listed three separate convictions.[1]  Defendant was represented by
retained counsel Donald Sheehan, and entered a plea of guilty on January 18, 2006.[2]
(Doc. 30).

The PSR reflected that defendant was a career offender with a total offense level
of 31 and a criminal history category of VI.[3]  Despite counsel's pleas for leniency,
defendant  was sentenced at the mid-point of the advisory guidelines range to a term of
210 months imprisonment, along with a consecutive term of 57 months imprisonment for
the violation of supervised release. (Doc. 25).  He did not appeal.

In the present motion, defendant claims that his guilty plea was unlawfully induced
or involuntarily made, and that his attorney was constitutionally ineffective.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for
collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner
is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the
Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the
maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. §
2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v.
Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved
for transgressions of constitutional rights and for that narrow compass of other injury that
could not have been raised in direct appeal and would, if condoned, result in a complete
miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)

---

[1]Paragraph two of the notice included four separate case numbers.

[2]Details of the rearraignment proceeding are set forth below.

[3]The PSR originally reported that the defendant should be held accountable for 99 grams of crack
cocaine. (PSR Supp. Addendum ¶ 92).  Counsel filed an objection maintaining that defendant should be held
accountable for powder, rather than crack cocaine.  The government, after consultation with the DEA, agreed.
(*Id*. at ¶ 93).  The resulting change in base offense level, from 32 to 16, had no effect on the defendant's
ultimate offense level due to the application of career offender status. (*Id*. at ¶ 94).

(citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

<u>Involuntary Plea</u>

Defendant's first ground for relief is that his plea was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea. He claims that counsel told him that if he entered a guilty plea, he would receive a sentence of between 41 and 51 months. This claim is squarely refuted by the record.

It is well established that a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct.

1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).   Solemn declarations made under oath in open court carry a strong presumption of verity.   *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629.   They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.   *Id.; see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing   *United States v. Sanderson*, 595 F.2d 1021 (5th  Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th  Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th  Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).   "[i]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."   *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986).

At defendant's rearraignment, counsel discussed the effect of the enhancement on defendant's possible sentence.  (Doc. 30 at 2-4).  The court noted that because there was no minimum mandatory and only the maximum sentence was increased, from twenty to thirty years, that "[t]he practical effect for Mr. Beasley is minimal."  (Doc. 30 at 4). Defendant indicated that this had no effect on his decision to enter a guilty plea.  (Doc. 30 at 4-5).  Defendant affirmed under oath that he understood that neither counsel nor the court could tell him exactly what his guidelines range would be and that there was no sentence either the government or counsel could promise him.  (Doc. 30 at 18-19).  He denied that any promises had been made that had induced him to plead guilty, and counsel concurred.  (Doc. 30 at 21).  He stated that he understood the consequences of pleading guilty and that no one had used any threats or force or pressure or intimidation to make him plead guilty.  (Doc. 30 at 21-22).  He indicated he had had sufficient time to talk with his attorney, was satisfied with counsel's representation of him, had no complaints about counsel or questions about his case.  (Doc. 30 at 22).  The court found that the defendant was alert and intelligent, that he understood the nature of the charge and the

consequences of entering a plea of guilty, that the facts as proffered by the government were sufficient to sustain a guilty plea, that defendant was aware of the possible sentence or punishment that could be imposed and that he had made his decision to plead guilty knowingly and freely and voluntarily.  (Doc. 30 at 22-23).  Defendant has failed to establish the allegedly involuntary nature of his plea.

Ineffective assistance of counsel

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).   "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v.*

*Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare,

conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross,* 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle v. Secretary for Dept. Of Corrections,* 480 F.3d 1092 (11th Cir. 2007); *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

1.  Failure to communicate plea offer

Defendant's first claim is that counsel never informed him that the government had a plea offer for him.  He states that had he known, he would have accepted the offer and the outcome of his sentencing hearing would have been different.  In his reply, he acknowledges the argument made by the government, states that he agrees with the government that there was no plea agreement in this case and concludes that "The grounds that I claim this particular issue should be dismissed."  (Doc. 35 at 1).

2.  Failure to discuss consequences of guilty plea

Defendant's claim that counsel failed to discuss the consequences of his guilty plea is refuted by the record, as set forth above.  To the extent that defendant claims that counsel was ineffective for advising him to go to trial, this claim is also refuted by counsel's affidavit, as corroborated by the PSR and the rearraignment transcript, and defendant is not entitled to relief.

3. <u>Failure to file an appeal</u>

Defendant states in his motion that counsel told him that he would file an appeal, but that he had not heard from counsel since the time of sentencing. Defense counsel's affidavit interpreted the defendant's claim as alleging that counsel failed to advise defendant of his right to appeal, an assertion counsel denies. (Doc. 32, exh. 1 at 4). Counsel states that defendant never requested that he file a notice of appeal because defendant was cooperating with the government, and the two had discussed how filing an appeal could "send the wrong message" about defendant's cooperation. According to counsel, defendant indicated that he was on board with the government and wanted to cooperate and receive a sentence reduction. Counsel also recalls telling his client that he had no grounds for an appeal because his sentence was lawful.

If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal. *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered; Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *See supra* 1034-1035. If counsel has not consulted with the defendant, the court must in turn

ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035.  The *Flores-Ortega* Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal:

> We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known . . . .  Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

*Id.,* 528 U.S. at 480, 120 S.Ct. at 1036; see also *Thompson v. United States,* 481 F.3d 1297, 1301 (11th Cir. 2007).  In this case, counsel states in his affidavit that he did consult with his client with respect to an appeal.  Furthermore, the facts of this case weigh against requiring consultation or filing an appeal under *Flores*.   A rational defendant in the defendant's position more than likely would not want to appeal because of the potentially adverse impact this could have on his attempts to cooperate.  Finally, counsel's affidavit, which is unrebutted by the defendant, reflects that counsel was of the opinion that there were no viable grounds for an appeal.

The record reflects that at sentencing the court specifically advised the defendant of his right to appeal, of the fact that he could appeal *in forma pauperis* if he could not afford the cost of an appeal, that any appeal must be filed within ten days and that upon request the clerk would immediately file a notice of appeal on his behalf.  (Doc. 25 at 15-16, 37-38).   The sentencing judge also noted in open court that the defendant was cooperating and wished him well in those endeavors.  (Doc. 25 at 38).

In defendant's reply, he states that after sentencing, when he asked counsel why he had received so much time, counsel said he was going to appeal and defendant "thought [counsel] had said he had something to appeal."   He does not indicate that he

requested that an appeal be filed.  Defendant appeared to indicate in his reply that he was willing to concede the issue of counsel's failure to file an appeal, through his statement that "[he] can honor the government on this issue because [he has] no evidence to produce and it was off the record."  (Doc. 36 at 1).  There may have been a misunderstanding between the defendant and counsel with respect to the issue of an appeal.  Therefore, in spite of defendant's apparent willingness to concede the issue, because he had failed to provide any sworn detail about any conversations with counsel and because he appeared not to realize that his own affidavit could provide the evidence he believed to be lacking as to this issue, he was directed to file within ten days "a sworn statement with the court setting forth with particularity the details of his request for an appeal, including the time and place the request was made and the grounds, if any, he requested that counsel raise on appeal, and his discussion with counsel about the effects of filing an appeal on his attempts to cooperate."  (Doc. 34 at 2).  He was advised that his vague mention in his initial motion of counsel allegedly telling him that counsel would file an appeal was insufficient to carry an ineffective assistance of counsel claim, and that upon receipt of the supplemental affidavit the court would assess the need for an evidentiary hearing.   (Doc. 34 at 2).

Defendant has failed to submit a supplementary affidavit.  Thus, the court renders its ruling based on the record before it.  In considering the entire record, (independent of the defendant's apparent concession on this ground), the court finds that defendant has not established either that he requested that counsel file an appeal or that counsel was otherwise constitutionally ineffective for failing to file an appeal in this case.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 23)  be DENIED.

At Pensacola, Florida, this 28th day of June, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).